(135 So. 407)

### EDWARDS et al. v. STATE.
### 8 Div. 346, 347.

Court of Appeals of Alabama.
June 16, 1931.

Brickell & Johnston, of Huntsville, for appellants.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

These two appellants, with another defendant in the court below—not appealing—were jointly indicted, jointly tried, and each convicted, of the offense of unlawfully being in possession of a still, etc., to be used, for the purpose of manufacturing prohibited liquor, or for distilling prohibited liquor, etc.

A principal state's witness was one G. E. Endsley, whose direct testimony pointed unmistakably to the guilt of appellants, as charged.

Upon the cross-examination of this witness, in an apparent effort to break down the force of his testimony, by showing that he knew one of the appellants to be at another place than the one where the still, etc., was located, at the time involved, he was asked, properly, and without objection, this question: "As a matter of fact, Raymond Edwards was working down on the Tennessee River at that time?" His answer to this question was: "No, sir, I know that the law got after him a lot and did run him off."

Upon appellants objecting to this answer, or to the gratuitous part of same, to the effect that "the law got after him a lot and did run him off," which objection was treated by the court, and is here treated by the Attorney General, as a proper motion to exclude same, the trial court, instead of excluding it, intensified, it seems to us, the damaging effect of the voluntary, incompetent, statement of the witness by responding to the objection with the remark: "Overruled. I think the insinuations of the counsel provoked the answer."

We fail to find any just basis for the learned court's remark, and it is our opinion, and we hold, that, for the error in overruling appellant's motion to exclude the indicated testimony, the judgment of conviction must be reversed, and it is so ordered.

The other questions apparent are simple, and not unusual. They have been many times treated in this and the Supreme Court, and will not here be discussed.

Reversed and remanded.